UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| David A. Potts and Geomatrix, LLC,[1] *Plaintiffs,* <br><br> *v.* <br><br> Cur-Tech LLC, *Defendant.* | Civil No. 3:09cv65 (JBA) <br><br><br><br> October 16, 2009 |

RULING ON PLAINTIFF'S SUBSTITUTE MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT [Doc. # 33]

Plaintiff David A. Potts filed this action alleging that Defendant Cur-Tech, LLC infringed United States Patent #7,374,670 (the "'670 Patent"), which issued in May 2008 upon Mr. Potts' January 2006 application and which relates to a wastewater treatment system. (Am. Compl. [Doc. # 10] at ¶¶ 4–5.) Mr. Potts now moves under Federal Rule of Civil Procedure 15(a) to amend his complaint to add Geomatrix, LLC, to which he "assigned certain rights to the '670 Patent" (proposed 2d Am. Compl. [Doc. # 33-1] at ¶ 7), as a plaintiff; to add Count I alleging violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*; and to expand the patent–infringement claim to include allegations of infringement of claim 12 (in addition to claim 6) of the '670 Patent. Defendant argues in opposition that amendment would be futile. For the reasons stated below, Plaintiff's motion will be granted.

Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." "A motion to amend should be denied only for such reasons as 'undue delay,

---

[1] The Clerk is directed to amend the caption to reflect both plaintiffs listed here.

bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" *Richardson Greenshields Secs., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (citations omitted); *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (denial appropriate where there exists "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party"). Amendment would be futile if the proposed amended complaint would not survive a motion to dismiss under Rule 12(b)(6). *Lucente v. Int'l Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Defendant advances two arguments why amendment would be futile. First, Defendant argues that "there are genuine issues as to whether [Mr.] Potts assigned his rights in the '670 Patent to Geomatrix as far back as 2005," such that he may not have been "the legal owner or exclusive licensee of the '670 Patent at the onset of the present litigation," in which case he would not have had standing "at the inception of the lawsuit" to assert the patent–infringement claim—a defect that could not be cured by amendment—and this Court would therefore lack subject–matter jurisdiction. (Def.'s Opp'n [Doc. # 35] at 3–4.) The proposed Second Amended Complaint, however, alleges that "Mr. Potts assigned certain rights to the '670 Patent to Geomatrix, LLC" (proposed 2d Am. Compl. at ¶ 7), and Mr. Potts states that he is the owner of the '670 Patent, and that he "has not assigned his ownership of the '670 Patent" but has "assigned to his limited liability company, Geomatrix, LLC[,] the exclusive right to manufacture, market and sell wastewater treatment devices that embody

claims of the '670 Patent including the right to exclude others" (Pl.'s Reply Supp. [Doc. # 36] at 2, 3). These facts support each plaintiff's standing to sue. As the owner of the '670 Patent Mr. Potts had standing to sue "at the inception of the lawsuit," and as the exclusive licensee of the '670 Patent Geomatrix also has standing. *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2002)*; Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1030 (Fed. Cir. 1995) ("Where a patentee makes an assignment of all significant rights under the patent, such assignee may be deemed the effective 'patentee' under the statute and has standing to bring a suit in its own name for infringement"); *see generally Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1326 (Fed. Cir. 2009) (party need not have a "an ownership interest," but only a "'concrete financial interest' in the patent[]," to have standing to pursue patent claim) (quoting and discussing *Chou v. Univ. of Chi.*, 254 F.3d 1347, 1358–59 (Fed. Cir. 2001)). Defendant's objection on this ground is therefore overruled.

Second, Defendant argues that amendment to add the proposed CUTPA claim would be futile because "[a] bare assertion of patent infringement . . . does not establish a CUTPA violation." (Def.'s Opp'n at 6) (analogizing patent–infringement claim to breach-of-contract claim and citing *Boulevard Assocs. v. Sovereign Hotels, Inc.*, 72 F.3d 1029, 1039 (2d Cir. 1995) (internal quotation omitted) ("a simple contract breach is not sufficient to establish a violation of CUTPA")). The proposed Second Amended Complaint, however, alleges not only that Cur-Tech infringed upon the '670 Patent, but that it did so knowingly and intentionally, that it actively induced infringement, that it refused to purchase a license or

cease its infringing activities, and that its infringement "is willful and in bad faith." (Proposed 2d Am. Compl. at ¶¶ 8, 9, 12, 14, 26.) Given these allegations, the Court cannot conclude as a matter of law that the alleged infringement falls outside of CUTPA's prohibitions against "unethical" or "unscrupulous" practices. *See Ramirez v. Health Net of Northeast, Inc.*, 285 Conn. 1, 18–19, 938 A.2d 576, 588–89 (2008) (citations omitted) (noting that "in determining whether a practice violates CUTPA [the Connecticut Supreme Court has] adopted the criteria set out in the cigarette rule by the [F]ederal [T]rade [C]ommission for determining when a practice is unfair," and listing criteria). The amendment to add the CUTPA claim is therefore not futile, and Defendant's objection on this basis is overruled.

For the reasons stated above, Plaintiff's Substitute Motion for Leave to File a Second Amended Complaint [Doc. # 33] is GRANTED. The Clerk is directed to docket the Proposed Second Amended Complaint [Doc. # 33-1] as Plaintiff's Second Amended Complaint, and to amend the caption to add Geomatrix, LLC as a plaintiff (*see* note 1).

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of October, 2009.