UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID A. POTTS and GEOMATRIX, LLC, *Plaintiffs*, *v.* CUR-TECH, LLC, *Defendant*. | Civil No. 3:09cv65 (JBA) August 14, 2013 |

**RULING ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

Defendant Cur-Tech, LLC prevailed in this patent infringement action brought by Plaintiffs David A. Potts and Geomatrix, LLC. Defendant now moves [Doc. # 118] for the Court to declare this case "exceptional" and to award attorney's fees and expenses pursuant to 35 U.S.C. § 285. For the following reasons, Defendant's motion is denied.

**I.   Background**

On October 16, 2009, Plaintiffs filed a Second Amended Complaint, alleging that the CTL System sold and distributed by Defendant infringed claims 6 and 12 of United States Patent No. 7,374,670 (the "'670 Patent"). (*See* Sec. Am. Compl. [Doc. # 39].) On February 14, 2011, the Court issued a claim construction ruling, in which it construed the terms "geonet" and "high aspect ratio channel" as they are used in the '670 Patent. (*See Markman* Ruling [Doc. # 79].) The Court rejected the proposed constructions of both Plaintiffs and Defendant, construing the term "geonet" as "a series of repetitive elements that create a volume consisting of 90–95% void space." (*Id.* at 9.) The Court accepted Plaintiffs' construction of "high aspect ratio channel," construing that term to mean "a channel with an aspect ratio of 96 to 3, where that aspect ratio is determined by dividing the height of the channel by the width of the channel, as demonstrated in Figure 14 of the '670 Patent." (*Id.* at 13.)

In response to the Court's claim construction ruling, Defendant moved for summary judgment in its favor based on non-infringement and invalidity, and Plaintiffs moved for summary judgment on the basis of literal infringement and the doctrine of equivalents.  On March 5, 2012, the Court granted summary judgment in favor of Defendant, holding that the CTL System did not infringe the '670 patent under either a theory of literal infringement or under the doctrine of equivalents.  (*See* Summ. J. Ruling [Doc. # 112].)   In its ruling, the Court characterized Plaintiffs' second theory of infringement as "strained," and found that it "ignores the stated purpose of the geonet." (*Id.* at 7.)  Ultimately, the Court concluded that "[n]owhere does the CTL System contain a channel filled with a series of repetitive elements that create a 90–95% void space that maintain aerobic conditions for effluent breakdown." (*Id.* at 8.)   The Court also rejected Plaintiffs' infringement claim under the doctrine of equivalents, reasoning that "[t]he geonet and the Potts design are aimed at generating a particular [aerobic] reaction within a septic system,  whereas the CTL System—the fins in particular—is aimed at increasing the diffusion of liquid from a septic system into the surrounding soil." (*Id.*)

## II.     Legal Standard

Pursuant to 35 U.S.C. § 285, a court "in exceptional cases, may award reasonable attorney fees to the prevailing party."   The Federal Circuit has explained that a court considering a motion for attorney's fees under § 285 "engages in a two-step inquiry." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012).  "First, the court must determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional."  *Id.*  If the court finds that the prevailing party has met this burden, "it must then determine whether an award of attorney fees is justified." *Id.* at 916.

2

"A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as . . . misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions." *Brooks Furniture Mfg. v. Dutaillier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). "Where, as here, the alleged infringer prevails in the underlying action, factors relevant to determining whether a case is exceptional include the closeness of the question, pre-filing investigation and discussions with the defendant, and litigation behavior." *MarcTec*, 664 F.3d at 916 (internal citations and quotations omitted). "Absent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Brooks Furniture Mfg.*, 393 F.3d at 1381. "Under this exacting standard, the plaintiff's case must have no objective foundation, and the plaintiff must actually know this." *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1377 (Fed. Cir. 2011).

A court's determination of whether the litigation is objectively baseless "requires an objective assessment of the merits." *Id.* "Defeat of a litigation position, even on summary judgment, does not warrant an automatic finding that the suit was objectively baseless; all of the circumstances must be considered." *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1315 (Fed. Cir. 2010). "To be objectively baseless, the infringement allegations must be such that no reasonable litigant could reasonably expect success on the merits." *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300,

1309 (Fed. Cir. 2012) (internal citations and quotation marks omitted). "With respect to the subjective prong, "there is a presumption that an assertion of infringement of a duly granted patent is made in good faith." *Id.* at 1309–10 (internal citations and quotation marks omitted).

III.   Discussion

Defendant moves for attorney's fees and expenses in the amount of $118,741.14, consisting of the fees and expenses incurred during the period of time between the issuance of the Court's claim construction ruling and the grant of summary judgment based on non-infringement, and the fees and expenses incurred in connection with the filing of the pending motion. Defendant argues that this represents an "exceptional" case within the meaning of § 285 because the Court's construction of the term "geonet" was fatal to Plaintiffs' claim of infringement, and thus Plaintiffs' pursuit of this claim at the summary judgment stage was objectively baseless and could only have been undertaken in bad faith.[1] Plaintiffs counter that the Court's *Markman* ruling did not render their infringement claim untenable because the Court's finding of non-infringement was not based on its construction of the term "geonet," (*see* Pls.' Opp'n [Doc. # 122] at 13–14),

---

[1] Defendant makes passing reference to Plaintiffs' "misconduct" in its reply. (*See* Def.'s Reply [Doc. # 123] at 7.)  "It is well-established that litigation misconduct and unprofessional behavior may suffice, by themselves, to make a case exceptional under § 285." *MarcTec*, 664 F.3d at 919 (internal citations and quotation marks omitted). "Litigation misconduct typically involves unethical or unprofessional conduct by a party or his attorneys during the course of adjudicative proceedings." *Id.* (internal citations and quotation marks omitted). Defendant does not point to conduct on the part of Plaintiffs or Plaintiffs' counsel that could in any way be construed as unethical or unprofessional by the Court. *See, e.g., id.* at 920 (upholding district court's finding of litigation misconduct where plaintiff misrepresented the law, misconstrued previous rulings of the district court, and relied on expert testimony that lacked reliability). Therefore, the Court concludes that there was no record of litigation misconduct in this case to justify a finding that the case is "exceptional" within the meaning of § 285.

and that in any event, their arguments on summary judgment were based on a good faith disagreement about how to measure the CTL System when calculating the 90–95% void space requirement (*see* Pls.' Sur-Reply [Doc. # 124-1] at 3–4).

In support of its argument that Plaintiffs' decision not to withdraw its infringement claim after the adverse *Markman* ruling makes this an "exceptional" case, Defendant relies primarily on *MarcTec*. In *MarcTec*, the Federal Circuit ruled that where the plaintiff had continued to pursue infringement claims after the district court had rejected its proposed claim construction, the plaintiff's opposition to a summary judgment motion by the defendant rendered the case "exceptional." However, *MarcTec* is readily distinguishable from the case at bar. In *MarcTec*, the court found that the plaintiff had misrepresented the principles of claim construction to the district court during the *Markman* proceeding, and attempted to disregard its prior prosecution of the patent at issue before the Patent Office. *See* 664 F.3d at 917–19. Thus, the court concluded that the plaintiff's proposed construction of the patent was both objectively baseless and subjectively in bad faith. *Id.* Furthermore, the court found that the plaintiff mischaracterized the district court's claim construction in opposing summary judgment, and attempted to rely on faulty expert testimony that lacked all reliability. *Id.* at 918. The court went on to conclude that this behavior constituted litigation misconduct. *Id.* at 919–21.

Here, unlike in *MarcTec*, Defendants do not claim, nor does the Court believe, that Plaintiffs' pursuit of this case up until the *Markman* ruling was objectively baseless and in bad faith. Plaintiffs did not ignore their prior prosecution of the '670 Patent, nor did they misrepresent the principles of claim construction. In fact, while the Court's construction of "geonet" rendered Plaintiffs' infringement case much more difficult to

prove, the Court declined to adopt Defendant's proposed construction as well as Plaintiffs'. Furthermore, despite the Court's characterization of Plaintiffs' argument as "strained" (*see* Summ. J. Ruling at 7), Plaintiffs did not ignore or misconstrue the Court's claim construction, as was the case in *MarcTec*. Finally, unlike in *MarcTec*, here there was no challenge to any of the evidence offered by Plaintiffs in support of their summary judgment briefing.

Rather, the circumstances of this case are more akin to those found in *Spectros Corp. v. Thermo Fisher Scientific*, No. C 09-01996 (SBA), 2012 WL 5523510 (N. D. Cal. Nov. 13, 2012). In *Spectros*, after a contested *Markman* proceeding, the district court adopted the defendant's proposed claim construction, which "effectively vitiated [the plaintiff's] claim of infringement." *Id.* at *2. The defendant requested that the plaintiff dismiss the action in light of the *Markman* ruling, but the plaintiff refused and opposed the defendant's subsequent motion for summary judgment. The district court granted summary judgment in favor of the defendant, rejecting the plaintiff's literal infringement and doctrine of equivalents theories, and the defendant moved for attorney's fees under § 285. In ruling that the case was not "exceptional" within the meaning of that statute, the district court concluded that because the plaintiff's position on claim construction was not objectively baseless, it "was therefore entitled to pursue its patent infringement claim, 'and its ultimate lack of success does not render the case exceptional.'" *Id.* at *4 (quoting *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 954 (Fed Cir. 2010)).

Even if the Court were to assume that Defendant met its burden as to the objective baselessness of Plaintiffs' continued pursuit of their infringement claim, Defendant has failed to establish by clear and convincing evidence that Plaintiffs acted in bad faith in

6

pursuing this case. Defendant points to Plaintiffs' failure to offer a good-faith explanation for their position on summary judgment as evidence of their bad faith. However, Plaintiffs are entitled to a presumption of good faith, *see Medtronic Navigation, Inc.*, 603 F.3d at 954 ("[T]here is a presumption that an assertion of infringement of a duly granted patent is made in good faith."), and it is Defendant that bears the burden of overcoming this presumption by clear and convincing evidence. Defendant also argues that the fact that Plaintiffs asserted an alternative theory of infringement at summary judgment is evidence that they knew their claims were baseless. However, "merely adopting an alternative infringement theory does not establish [a plaintiff's] bad faith by clear and convincing evidence." *Wi-Lan, Inc. v. LG Electronics, Inc.*, No. 10 Civ. 0432 (LAK)(AJP), 2013 WL 2322483, at *8 (S.D.N.Y. May 10, 2013) (recommended ruling) (citing *Medtronic Navigation, Inc.*, 603 F.3d at 959).

Furthermore, Defendant has not put forth evidence that it requested that Plaintiffs withdraw their claims, or that it warned them that it would seek attorney's fees under § 285 if they proceeded to summary judgment. *See Bicon, Inc. v. Straumann Co.*, 356 F. Supp. 2d 6, 7 (D. Mass. 2005) (noting that although § 285, unlike Rule 11, requires no such notice, "it is nevertheless a circumstance that can be taken into account in determining what plaintiffs should have known or done"). Because Defendant fails to establish by clear and convincing evidence that Plaintiffs knew that their summary judgment position had no objective foundation—i.e., that they acted in bad faith—the Court concludes that this is not an exceptional case within the meaning of § 285.

Finally, even if the Court had found this to be an exceptional case, it does not believe an award of attorney's fees and expenses would have been warranted. *See Brooks Furniture Mfg.*, 393 F.3d 1382 ("Even for an exceptional case, the decision to award attorney fees and the amount thereof are within the district court's sound discretion."); *see also S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986) ("Even an exceptional case does not require in all circumstances the award of attorney fees.") (listing factors to consider when deciding whether to exercise discretion to award fees in an exceptional case, including "the closeness of the case, the tactics of counsel, [and] the conduct of the parties"). Plaintiffs' position on claim construction was not baseless, and the issue of claim construction was closely contested, leading the Court to reject the proposed construction of both Plaintiffs and Defendant. There has been no allegation of unprofessional or unethical behavior on the part of Plaintiffs or their attorneys, and a finding that this case is exceptional could only be made by a bare preponderance of the evidence. Thus Plaintiffs' conduct in continuing to pursue this case was not so egregious as to warrant an award of attorney's fees. *See McNeil-PPC, Inc. v. Perrigo Co.*, 516 F. Supp. 2d 238, 260 (S.D.N.Y. 2007) (declining to award attorney's fees where "[i]nequitable conduct in this case could be found, hypothetically, only by a 'close margin.'" (citing *J.P. Stevens Co. v. Lex Tex Ltd., Inc.*, 822 F.2d 1047, 1051 (Fed Cir. 1987)), *aff'd*, 274 F. App'x 899 (Fed. Cir. 2008).

## IV.     Conclusion

For the foregoing reasons, Defendant's Motion [Doc. # 118] for Attorney's Fees is DENIED.  The parties shall have until thirty days after the filing of this ruling to file a notice of appeal.  (*See* Nov. 20, 2012 Ruling [Doc. # 121] at 2.)

IT IS SO ORDERED.

　　　　/s/　　　　　　　　　　　　　　
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 14th day of August, 2013.